| | |
|---|---|
| Michael D. Warner (TX Bar No. 00792304) | Gary H. Leibowitz (Admitted *pro hac vice*) |
| Benjamin L. Wallen (TX Bar No. 24102623) | Irving E. Walker, Esq. (*pro hac vice* pending) |
| **COLE SCHOTZ P.C.** | **COLE SCHOTZ P.C.** |
| 301 Commerce Street, Suite 1700 | 300 E. Lombard Street, Suite 1450 |
| Fort Worth, Texas  76102 | Baltimore, MD 21202 |
| 817-810-5250 Telephone | 410-230-0660 Telephone |
| 817-810-5255 Facsimile | 410-230-0667 Facsimile |
| mwarner@coleschotz.com | gleibowitz@coleschotz.com |
| bwallen@coleschotz.com | iwalker@coleschotz.com |

*Proposed Attorneys for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re<br><br>THINK FINANCE, LLC, *et al.*[1],<br><br>    Debtors. | Chapter  11<br><br>Case No. 17-33964-hdh11<br><br>(Joint Administration Requested) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EMERGENCY MOTION OF THE DEBTORS AND DEBTORS IN
POSSESSION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING
THE DEBTORS TO USE CASH COLLATERAL, (II) DETERMINING ADEQUATE
PROTECTION, AND (III) GRANTING RELATED RELIEF [DOCKET NO. 10 ]**

The Official Committee of Unsecured Creditors of Think Finance, LLC, *et al.* (the "Committee"), by its undersigned proposed counsel, hereby responds to the Emergency Motion of the Debtors and Debtors in Possession for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Determining Adequate Protection, and (III) Granting Related Relief (the "Cash Collateral Motion") [Docket No. 10], as follows:

---

[1] The Debtors are:  Think Finance, LLC, Think Finance SPV, LLC, Financial U, LLC, TC Loan Service, LLC, Tailwind Marketing, LLC, TC Administrative Services, LLC, and TC Decision Sciences, LLC (collectively, the "Debtors").

## I. PRELIMINARY STATEMENT

1. The Committee wholeheartedly supports the Debtors' request for authority to use cash collateral and to continue to operate their businesses. The Committee also fully supports the Debtors' request to require Victory Park Capital Advisors, LLC ("Victory Park") and its affiliates (collectively, with Victory Park, the "VP Parties") to turn over to the Debtors all of the cash seized by the VP Parties prior to and after the Petition Date. The Committee agrees with the Debtors that such cash is property of the Debtors' bankruptcy estates and is protected from the VP Parties' interference by virtue of the automatic stay under section 362 of the Bankruptcy Code.

2. However, the Committee objects to the provisions set forth in the Interim Order Authorizing the Debtors to Use Cash Collateral, Granting Adequate Protection and Related Relief, and Scheduling a Final Hearing (the "Interim Order") which provide the VP Parties with more than adequate protection, would subject the Debtors' estates and the interests of unsecured creditors to onerous and expensive procedures relating to the disputed claims of the VP Parties, and would improperly limit the ability of the Committee to perform its statutory duties.

3. As discussed below, the VP Parties hold nothing more than disputed contingent and unliquidated indemnity claims. Yet the VP Parties are wrongly exerting control over the flow of funds to the Debtors through their control of management of GPL Servicing, Ltd. ("GPLS"),[2] even though the sole equity owner of GPLS is one of the Debtors, Think Finance SPV, LLC. The Committee respectfully requests that any adequate protection provided to the VP Parties be limited and structured to minimize the burden and expenses imposed on the Debtors' estates to cover expense claims asserted by the VP Parties, while preserving and

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

recognizing the rights of the Committee not only to object to the allowance of such claims, but also to pursue claims against the VP Parties at the appropriate time.

## II.     THE UNUSUAL NATURE OF THE VP PARTIES' SECURED CLAIMS

4.      The VP Parties are not lenders, have not advanced funds to the Debtors, and are limited to being holders of contingent, disputed, and unliquidated claims based on the GSA, which the Debtors maintain will never become allowed claims.

5.      As set forth in the Debtors' Verified Complaint filed against the VP Parties, the largest source of revenues and funds for the Debtors is GPLS, which is obligated to pay the Debtors the fixed return and agent fees under the AAA, as well as to redeem the Debtors' investment in GPLS.  Although the sole equity owner of GPLS is now Think Finance SPV, LLC, the other VP Parties control GPLS through the Management Shares of GPLS.  Verified Complaint (Adversary Proceeding No. 17-03106)(the "Adversary Proceeding"), ¶¶ 29, 43, 45-49, 52-59, 66-71

6.      Prior to the Petition Date, and apparently even afterward, the VP Parties used their control of GPLS to divert and seize funds belonging to the Debtors.  This heavy-handed conduct by the VP Parties resulted in the Debtors being starved of cash to operate, and required the Debtors to seek relief under Chapter 11 of the Bankruptcy Code.  Adversary Proceeding, ¶ 1.

7.      According to the Cash Collateral Motion, the sole basis for the claims of the VP Parties is the GSA, under which Debtors agreed to guarantee payment of the Obligations.  The Cash Collateral Motion further states that the only Obligations remaining unpaid are potential indemnity obligations for certain possible "Losses".  The Debtors dispute that these indemnity obligations will ever give rise to valid or allowable claims in these bankruptcy cases.  The ultimate determination of whether the VP Parties will end up with an allowed secured claim in

3

these cases therefore is uncertain, will likely require litigation and will not be known for a long time.

8. In addition to the disputed claims held by the VP Parties, funds flowing to GPLS are subject to payment of expenses incurred by GPLS, including legal fees incurred or to be incurred by GPLS. However, since the VP Parties control what expenses are incurred by GPLS and initially determine what expenses are attributable to GPLS and not the other VP Parties, claims for payment of GPLS expenses are subject to dispute as to the reasonableness of the amounts and whether the expenses incurred are properly attributable to GPLS as opposed to something that benefits, and should be paid by, the other VP Parties.

9. Because the disputed claims of the VP Parties are allegedly secured, the VP Parties are entitled to some kind of adequate protection of their disputed interest in cash collateral, but such protection should be appropriately limited to only the minimum necessary to meet the requirements of sections 361 and 363 of the Bankruptcy Code as applied to such disputed and unliquidated claims.

10. It also is imperative at this early stage of these chapter 11 cases that the Cash Collateral Motion be resolved in a way that eliminates the VP Parties' control over the Debtors' primary source of cash and ensures that funds belonging to the Debtors flow to the Debtors, while providing for an adequate amount of funds to be held by the Debtors as adequate protection in the event that the VP Parties, in the future, are determined to have an allowed secured claim. Although these issues are included in the Adversary Proceeding, they must also be considered and should be addressed to the extent possible in any final Order authorizing use of cash collateral, to prevent the VP Parties from disrupting the Debtors' operations or the proper administration of the Debtors' bankruptcy estates.

11. As discussed below, a final Order authorizing use of cash collateral also must provide for an acceptable process to address claims asserted by the VP Parties, in the form of GPLS expense claims, that will not subject the Debtors' estates and their creditors to the burdensome procedures included in the Interim Order, while also recognizing the rights of the Committee to participate in actions necessary and appropriate to protect the rights of general creditors.

### III. OBJECTIONS TO PROVISIONS IN THE INTERIM ORDER AND REQUESTS FOR ADDITIONAL PROVISIONS TO PROTECT THE INTERESTS OF GENERAL CREDITORS

**A. The adequate protection provisions of the Interim Order are excessive and should be limited to what is adequate in the circumstances, and should avoid restricting the rights of the Committee and subjecting the Debtors' estates to onerous procedures for interim payments either directly or indirectly to or for the benefit of the VP Parties.**

12. When considering a chapter 11 debtor's motion for authority to use cash collateral, the determination of what protection must be afforded to a secured creditor is determined on a case-by-case basis based on the totality of the circumstances. See In re Energy Partners, Ltd., 409 B.R. 211, 236 (Bankr. S.D. Tex. 2009) ("Exactly what constitutes adequate protection must be decided on a case-by-case basis.") (citing MBank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393, 1396-97 (10th Cir. 1987); accord In re Lister-Petter Americas, Inc., 2017 WL 1511888, at *7 (Bankr. D. Kan. Apr. 26, 2017); In re Satcon Tech. Corp., No. 12-12869, 2012 WL 6091160, at *6 (Bankr. D. Del. Dec. 7, 2012).

13. That a secured creditor's claim is disputed and subject to equitable subordination or other claims should be considered in formulating adequate protection in a particular case. Cf. Lister-Petter Americas, Inc., at *8; *In re Hawkins*, 224 B.R. 334 (Bankr. E.D. La. 1998) (holding IRS was not entitled to adequate protection of funds it obtained through invalid levy); In re

5

Cambridge Biotech Corp., 178 B.R. 34, 40 (Bankr. D. Mass. 1995) (holding that creditor whose security interest was subject to avoidance by the official committee of unsecured creditors was not deserving of adequate protection); In re Poughkeepsie Hotel Assocs. Joint Venture, 132 B.R. 287, 292 (Bankr. S.D.N.Y. 1991) (equitable subordination defense went to the heart of creditor's claim and should be adjudicated in deciding whether to grant relief from the stay).

14. In the present cases, the Interim Order provides the VP Parties with the following adequate protection provisions:

a. The Interim Order only authorizes the Debtors to use cash collateral consistent with the Seven Week Forecast, which has the benefit of preserving the cash collateral to the extent not needed to fund identified expenses;

b. The VP Parties are granted additional security, to the extent of the diminution in the value of cash collateral, in the form of a post-petition security interest in the cash collateral, which includes monies held by GPLS, to the same extent, validity and priority of the security interests held by the VP Parties as of the Petition Date, with a carve-out only for the United States Trustee fees and $100,000 for fees and expenses of Committee professionals, excluding those incurred in litigation concerning the VP Parties' liens (the "Proposed Carve-out"); and

c. Payments to the VP Parties of expenses incurred by them of any kind, without limit ("Expense Claims"), subject to notice and objection procedures.

15. The Committee objects to these adequate protection provisions, as they go far beyond what is necessary to adequately protect the VP Parties' interests in cash collateral, would impair the Committee of the ability to perform its statutory duties by preventing the Committee

6

professionals from challenging the VP Parties' liens, and would needlessly subject the Debtors' estates to burdensome and expensive litigation over the GPLS Expense Claims.  Specifically:

a. Paragraph 2 of the Interim Order only authorizes the Debtors to use cash collateral to pay the fees and expenses of the Debtors' professionals, and should be revised to include the Committee's professionals.

b. Paragraph 7 of the Interim Order provides for procedures for the payment of the claims of the VP Parties that is riddled with flaws.  First, it makes no distinction between GPLS and the VP Parties, and applies equally to all of them.  Any procedures for expense reimbursement should be limited to expenses purportedly incurred only by GPLS and should exclude the other VP Parties.

c. Second, the proposed procedures appear to give the VP Parties complete discretion as to how frequently they wish to submit a payment request.  Such requests should be limited to no more frequently than once a month, to avoid having the expense payment process be a constant drain of the resources of the Debtors, their estates, and this Court, especially in light of the heavy-handed conduct of the VP Parties prior to the Petition Date.  Given that the VP Parties control GPLS, requests for payment of Expense Claims must be subjected to careful scrutiny to avoid any payments purportedly for GPLS that were incurred for the direct or indirect benefit of the other VP Parties.

d. Third, the provision for payment of Expense Claims to GPLS should expressly state that objections to any request for payment of Expense Claims are permitted on any grounds, to make clear that grounds for objection are not limited to "reasonableness".  As previously noted, such expense claims also may be objectionable because they are not legitimate expenses of GPLS and may have been incurred for the benefit of the other VP Parties.

**B.      Any replacement lien or administrative claim should specifically exclude Chapter 5 Claims.**

16.     The Committee also objects to any adequate protection provisions that do not expressly exclude from any replacement lien and any claim asserted under Section 507(b) of the Bankruptcy Code all avoidance actions under Chapter 5 of the Bankruptcy Code.

**C.      The Proposed Carve-Out is insufficient.**

17.     The Interim Order, in Paragraph 3, provides a Proposed Carve-out that excludes from the VP Parties' Replacement Liens the United States Trustee's fees and $100,000 for fees and expenses of the Committee's professionals, but does not provide for any such fees to include "amounts incurred in connection with litigating concerning the GPLS Secured Parties' liens." Interim Order, ¶ 3. The Proposed Carve-out is insufficient. The Replacement Liens should exclude all allowed fees and expenses of the Committee's professionals and Committee members' expenses, and should not be subject to any dollar cap. There is no justification for placing any cap on the fees and expenses payable to the Committee professionals when there is no such cap on the Debtors' professionals, and the VP Parties are adequately protected in any event, especially where there are serious doubts about the validity of the claims of the VP Parties. This is not a case where artificial restraints should be placed on the ability of the Committee to fulfill its statutory duties.

**D.      The Final Order should recognize the Committee's standing to participate in the Adversary Proceeding against the VP Parties.**

18.     The outcome of these cases for general unsecured creditors will be significantly impacted by the resolution of disputes between the Debtors and the VP Parties. Even at this nascent stage of these Chapter 11 cases, issues presented by the Cash Collateral Motion appear to overlap issues presented in the Adversary Proceeding. A final hearing on the Cash Collateral Motion is scheduled to be held on November 20, 2017, the same time as the hearing on the

Debtors' motion for a preliminary injunction in the Adversary Proceeding. Given the importance of the Adversary Proceeding to the ability of the Debtors to conduct the administration of their bankruptcy estates in an orderly way, the final Order authorizing the Debtors' use of cash collateral should recognize the Committee's standing to participate in the Adversary Proceeding. While the Committee's standing should be non-controversial in view of 11 U.S.C. §1109(b), some courts have expressed different views about such standing in adversary proceedings. See 7 Collier on Bankruptcy, ¶1109.04[2][d][iii] (Alan N. Resnick & Henry J. Sommer eds., at 1109-32-35 (16th ed. 2015). Recognizing the Committee's standing to participate in the Adversary Proceeding will assist the Committee in fulfilling its statutory duties and avoid the expense of the Committee having to file a separate motion to eliminate any potential issue about its right to receive all pleadings and to participate fully in the Adversary Proceeding.

19. The Committee also requests that the final Order authorizing use of cash collateral require the Debtors to consult with the Committee before reaching any agreement for the extension of the term of the final Order authorizing use of cash collateral.

E.  **The Final Order should require GPLS to provide for the Debtors and the Committee to have complete access to all financial records of GPLS and periodic financial reporting.**

20. The Final Order also should provide for the Debtors and the Committee to have complete and direct access to GPLS's financial records, including bank accounts, and for periodic reporting in the form of weekly cash receipts and disbursements and monthly financial statements, so that the financial activities of GPLS can be closely monitored.

21. Proposed counsel for the Committee has engaged in discussions with proposed counsel for the Debtors about the concerns raised in this Limited Objection, and understand that the Debtors currently agree with the Committee's position concerning the Cash Collateral Motion.

## IV. CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court (a) grant the Debtors' Cash Collateral Motion only on the conditions that the relief requested in this Limited Objection is included in any final Order authorizing the use of cash collateral, (b) limit the adequate protection for the VP Parties in accordance with this Limited Objection, and (c) grant the Committee such other and further relief as this Court deems just and proper.

Dated: November 15, 2017

        COLE SCHOTZ P.C.

        By: /s/ Michael D. Warner
        Michael D. Warner (TX Bar No. 792304)
        Benjamin L. Wallen (TX Bar No. 24102623)
        301 Commerce Street, Suite 1700
        Fort Worth, TX 76102
        (817) 810-5250
        (817) 977-5273 (Facsimile)
        Email: mwarner@coleschotz.com
        Email: bwallen@coleschotz.com

        and

        Gary H. Leibowitz (Admitted *pro hac vice*)
        Irving E. Walker, Esq. (*pro hac vice* pending)
        **COLE SCHOTZ P.C.**
        300 E. Lombard Street, Suite 1450
        Baltimore, MD 21202
        410-230-0660
        410-230-0667 (Facsimile)
        gleibowitz@coleschotz.com
        iwalker@coleschotz.com

        *Proposed Attorneys for the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of November, 2017, I caused a true and correct copy of the foregoing pleading to be served upon: (i) all parties that are registered to receive electronic service through the court's ECF notice system in the above case and (ii) by regular mail to the parties listed on the attached service list.

/s/ Michael D. Warner
Michael D. Warner

40000/2870-15124030v3

Master Service List as of November 13, 2017

## U.S. Trustee

OFFICE OF THE UNITED STATES TRUSTEE FOR
THE NORTHERN DISTRICT OF TEXAS
LISA L. LAMBERT
EARLE CABELL FEDERAL BLDG
1100 COMMERCE ST RM 976
DALLAS, TX 75242
Email:   Lisa.L.Lambert@usdoj.gov;
          USTPRegion06.RH.ECF@usdoj.gov
*U.S.TRUSTEE*

## Official Committee of Unsecured Creditors

MPHASIS LIMITED
VAMSI BURRA
BAGNABE TECHNOLOGY PARK
BYRASANDRA VILLAGE
CV RAMAN NAGAR BANGALORE
KARANATAKA, 560093 INDIA
Email: Vamsi.Burra@mphasis.com
*Committee Member*

MARLIN AND ASSOCIATES LLC
AMY LIN
570 LEXINGTON AVE
NEW YORK, NY 10022-6837
Email: ALin@rem-co.com
*Committee Member*

KELLETT & BARTHOLOW PLLC
THEODORE O. BARTHOLOW III
11300 N. CENTRAL EXPRESSWAY
STE 301
DALLAS, TX 75243
Email: thad@kblawtx.com
*Counsel to Patrick Inscho*

Master Service List as of November 13, 2017

### Creditors Holding Secured Claims

WESTERN EQUIPMENT FINANCE INC
503 HWY 2 W
DEVILS LAKE, ND 58301
Email: customerservice@westernequipment
finance.com
*Secured Creditor*

### Creditors Holding the Thirty (30) Largest Unsecured Claims on a Consolidated Basis

ACCUDATA SYSTEMS INC
MELISSA HAYDEN
7906 N SAM HOUSTON PKWY W STE 300
HOUSTON, TX 77064
Email:
Fax: 281-897-5001
*TOP 30*

ALLEN, CHARLES
107 YELLOW ROSE TR
EULESS, TX 76040
Email: chasman61@yahoo.com
*TOP 30*

AMERICAN EXPRESS PURCHASE CARD
CPS REMITTANCE PROCESSING
PLANTATION, FL 33313-4571
Email: corporateservicesoperations@aexp.com
*TOP 30*

BLACK HILLS INFORMATION SECURITY LLC
ERICA SPURRIER
21148 TWO BIT SPRING RD
STURGIS, SD 57785
Email: erica@blackhillsinfosec.com
*TOP 30*

CISCO SYSTEMS CAPITAL CORPORATION
DANIELLE NIERSBACH
170 W TASMAN DR
MS SJ 13/3
SAN JOSE, CA 95134
Email: dniersba@cisco.com
*TOP 30*

CITRIX SYSTEMS INC
KELLI MATYA
851 W CYPRESS CREEK RD
FT LAUDERDALE, FL 33309
Email: kelli.matya@citrix.com
*TOP 30*

COGNIZANT TECHNOLOGY SOLUTIONS US CORP
PUJA ATHALE
500 FRANK W BURR BLVD
TEANECK, NJ 07666
Email: puja.athale@cognizant.com
*TOP 30*

COP SPRECTRUM CENTER LLC
ACE ROMAN
5601 GRANITE PKWY STE 800
PLANO, TX 75024
Email: aroman@graniteprop.com
*TOP 30*

CYRUSONE LLC
GREG CASE
LOCKBOX #773581
CHICAGO, IL 60677-3005
Email: GCase@CyrusOne.com
*TOP 30*

DELL FINANCIAL SERVICES LLC
MARCIEL RAMOS
ONE DELL WAY
ROUND ROCK, TX 78682
Email: Maricel_Ramos@dellteam.com
*TOP 30*

**Master Service List as of November 13, 2017**

DOCUMENT TECHNOLOGIES LLC
MEG GRIGGS
3933 LAKE WASHINGTON BLVD STE 300
KIRKLAND, WA 98033
Email: mgriggs@dtiglobal.com
*TOP 30*

EVERSHEDS SUTHERLAND US LLP
LEWIS WEINER
700 SIXTH ST NW
WASHINGTON, DC 20001-3980
Email: lewiswiener@eversheds-sutherland.com
*TOP 30*

GLOBAL CROSSING TELECOMMUNICATIONS
MIKE BATTLE
1080 PITTSFORD VICTOR RD
PITTSFORD, NY 14534
Email: Mike.Battle@level3.com
*TOP 30*

HARGROVE, MATTHEW
2408 OAK BEND CT
SOUTHLAKE, TX 76092
Email: Matthew.hargrove@gmail.com
*TOP 30*

IMAGETEK OFFICE SYSTEMS
KIMBERLY MONTGOMERY
1310 MADRID ST
MARSHALL, MN 56258
Email: kmontgomery@imagetekos.com
*TOP 30*

KEN REES C/O MONTGOMERY MCCRACKEN
WALKER AND RHOADS LLP
RICHARD L SCHEFF
123 S BROAD ST
PHILADELPHIA, PA 19109
Email: rscheff@mmwr.com
*TOP 30*

LED ENTERPRISES INC
DENNIS PROCAILO
11131 SHADY TRAIL
DALLAS, TX 75229
Email: Dennis@LEDPowerPro.com
*TOP 30*

LINKEDIN CORPORATION
SEAN DONAHUE
2029 STIERLIN CT
MOUNTAIN VIEW, CA 94043
Email: sdonahue@linkedin.com
*TOP 30*

FOX ROTHSCHILD LLP
MARIA A. MILANO
1001 FOURTH AVE STE 4500
SEATTLE, WA 98154-1192
Email: mamilano@foxrothchild.com
Fax: (206) 389-1708
*Counsel to LinkedIn Corporation*

MASERGY COMMUNICATION INC
WALTER SUKSTA
2740 N DALLAS PKWY
PLANO, TX 75093
Email: walter.suksta@masergy.com
*TOP 30*

MICROSOFT CORPORATION
TIM MONTPAS
PO BOX 842103
DALLAS, TX 75282-2103
Email: tmontpas@microsoft.com
*TOP 30*

MORRISON AND FOERSTER LLP
JAMES MCGUIRE
PO BOX 742335
LOS ANGELES, CA 90074-2335
Email: JMcGuire@mofo.com
*TOP 30*

**Master Service List as of November 13, 2017**

MORRISON AND FOERSTER LLP
ADAM A LEWIS
425 MARKET ST
SAN FRANCISCO, CA 94105-2482
Email: alewis@mofo.com
*Counsel to Morrison and Foerster LLP*

NEUSTAR INFO SERVICES INC
JEFF BOSCHERT
21575 RIDGETOP CIR
PO BOX 742000
STERLING, VA 20166
Email: jeff.boschert@neustar.biz
*TOP 30*

NEXTERA FIBERNET LLC
GINGER NEWBORN
6191 ST HWY 161
IRVING, TX 75038
Email: ginger.newborn@fibernetdirect.com
*TOP 30*

NEXTSTEP RECRUITING LLC
MICAH SAILORS
19111 N DALLAS PKWY
DALLAS, TX 75287
Email: msailors@nextstep-recruiting.com
*TOP 30*

PROVENIR INC
HOOI-IMM LANDER
300 INTERPACE PKWY
BLDG A 4TH FL
PARSIPPANY, NJ 07054
Email: hlander@provenir.com
*TOP 30*

SMITH, ERIC
7505 FRESH SPRINGS RD
FORT WORTH, TX 76120
Email: esmith5400@yahoo.com
*TOP 30*

SQS NORTH AMERICA LLC
FRANCES CRESS
70 W MADISON
CHICAGO, IL 60602
Email: Frank.Cress@sqs.com
*TOP 30*

VMWARE INC
BRENDAN DOYLE
3401 HILLVIEW AVE
PALO ALTO, CA 94304
Email: bdoyle@vmware.com
*TOP 30*

**Counsel to the Debtors**

HUNTON AND WILLIAMS LLP
GREGORY G HESSE
1445 ROSS AVE STE 3700
DALLAS, TX 75209
Email: ghesse@hunton.com
*Counsel to the Debtors*

HUNTON AND WILLIAMS LLP
TYLER P BROWN, JASON W HARBOUR
RIVERFRONT PLAZA EAST TOWER
951 E BYRD ST
RICHMOND, VA 23219
Email: tpbrown@hunton.com;
jharbour@hunton.com
*Counsel to the Debtors*

Master Service List as of November 13, 2017

### Counsel to the GPLS Secured Parties

| | |
|---|---|
| KIRKLAND & ELLIS LLP<br>ATTN RYAN BLAINE BENNETT<br>RE GPLS<br>300 North LaSalle<br>CHICAGO, IL 60654<br>Email: ryan.bennett@kirkland.com<br>*Counsel to the GLPS Secured Parties* | KIRKLAND & ELLIS LLP<br>RE GPLS<br>ATTN Justin R. Bernbrock<br>300 North LaSalle<br>CHICAGO, IL 60654<br>Email: justin.bernbrock@kirkland.com<br>*Counsel to the GLPS Secured Parties* |

### Rule 2002 Notice Parties

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346
*IRS*

PENNSYLVANIA OFFICE OF ATTORNEY GENERAL
JOSH SHAPIRO
393 WALNUT ST
STRAWBERRY SQ 16TH FL
HARRISBURG, PA 17128
Fax:717-787-8242

SILLS CUMMIS AND GROSS PC
VALERIE A HAMILTON
600 COLLEGE RD E
PRINCETON, NJ 08540
Email: vhamilton@sillscummis.com
Fax:(609) 227-4646
*Counsel for MicroBilt Corporation*

COMMONWEALTH OF PENNSYLVANIA OFFICE
OF ATTORNEY GENERAL
BUREAU OF CONSUMER PROTECTION
21 S 12TH ST 2ND FL
PHILADELPHIA, PA 19107
Fax: 717-787-8242

CONSUMER FINANCIAL PROTECTION BUREAU
1700 G ST NW
WASHINGTON, DC 20552
Fax: 855-237-2392

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2777 N. STEMMONS FREEWAY
SUITE 1000
DALLAS, TX
Email: DALLAS.BANKRUPTCY@PUBLICANS.COM
Fax:   (469) 221-5003
*Counsel to Dallas County*

JAY W. HURST
ASSISTANT ATTORNEY GENERAL
BANKRUPTCY & COLLECTIONS DIVISION MC 008
P.O. BOX 12548
AUSTIN, TEXAS 78711-2548
Email: jay.hurst@oag.texas.gov
Fax: (512) 936-1409
*Counsel for the Texas Comptroller of Public Accounts*

SPROUSE LAW FIRM
MARVIN E SPROUSE III
401 CONGRESS AVE STE 1540
AUSTIN, TX 78701
Email: msprouse@sprousepllc.com
Fax: (512) 692-1934
*Counsel to CyrusOne LLC*

**Master Service List as of November 13, 2017**

| | |
|---|---|
| WHITAKER CHALK SWINDLE & SCHWARTZ PLLC<br>ROBERT A SIMON<br>301 COMMERCE ST STE 3500<br>FORTH WORTH, TX 76102 | Fax: (817) 878-0570<br>*Counsel to Matthew Hargrove* |