James W. Walker (TX Bar No. 20709600)  
Ian Ross Phillips (TX Bar No. 24091239)  
**COLE SCHOTZ P.C.**  
901 Main Street, Suite 4120  
Dallas, TX 75202  
469-557-9390 Telephone  
469-533-1587 Facsimile  
jwalker@coleschotz.com  

Gary H. Leibowitz (Admitted *pro hac vice*)  
Irving E. Walker (Admitted *pro hac vice*)  
H.C. Jones III (Admitted *pro hac vice*)  
**COLE SCHOTZ P.C.**  
300 E. Lombard Street, Ste. 1450  
Baltimore, MD 21202  
410-230-0660 Telephone  
410-230-0667 Facsimile  
gleibowitz@coleschotz.com  

*Attorneys for the Hon. Russell F. Nelms (Ret.) as Trustee of the Think Finance Litigation Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re<br><br>THINK FINANCE, LLC, *et al.*,[1]<br><br>Debtors.<br>-------------------------------------------------------<br>THE HONORABLE RUSSELL F. NELMS (RET.), LITIGATION TRUSTEE FOR THE THINK FINANCE LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ELEVATE CREDIT, INC.,<br><br>Defendant. | Confirmed Chapter 11<br><br>Case No. 17-33964-hdh<br><br>(Jointly Administered)<br><br><br><br>Adv. Case No. 20-03099 |

## MOTION TO CONSOLIDATE ADVERSARY PROCEEDING AND OBJECTION TO DEFENDANT ELEVATE CREDIT, INC.'S PROOF OF CLAIM

The Honorable Russell F. Nelms (Ret.), as Litigation Trustee (the "**Trustee**" or

"**Plaintiff**") for the Think Finance Litigation Trust (the "**Trust**"), by his undersigned counsel,

---

[1] The debtors in these cases (the "**Debtors**") along with the last four digits of each Debtor's federal tax identification number are: Think Finance, LLC ("**Think Finance**") (3098), Think Finance SPV, LLC (4522), Financial U, LLC (1850), TC Loan Service, LLC (3103), Tailwind Marketing, LLC (1602), TC Administrative Services, LLC (4558), and TC Decision Sciences, LLC (8949).

respectfully moves, pursuant to Federal Rule of Civil Procedure 42(a), for consolidation of this adversary proceeding (the "**Adversary Proceeding**") with the contested matter between Plaintiff and Defendant, Elevate Credit, Inc. ("**Elevate**") arising from Plaintiff's Objection to Elevate's Proof of Claim, Claim No. 1264) which was filed on May 19, 2020 [Docket No.1755] ("**Objection to Elevate Proof of Claim**"), on the following grounds:

### Jurisdiction and Venue

1. Think Finance, LLC ("**Think Finance**"), with several of its affiliates, filed in this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 23, 2017.

2. As part of the administration of the Debtors' bankruptcy estates, the Court set March 1, 2018 as the bar date for filing general proofs of claims in the Debtors' bankruptcy cases.

3. On January 7, 2020, Elevate filed in this Court a Proof of Claim, designated as Claim No. 1264, on behalf of itself and its subsidiaries (the "**Elevate Proof of Claim**"), asserting certain unliquidated claims against Think Finance.

4. On August 14, 2020, Plaintiff initiated the Adversary Proceeding against Elevate by filing his Complaint to Avoid and Recover Transfers pursuant to 11 U.S.C. §§ 544 and 550 and §§ 24.001 *et seq.* of the Texas Uniform Fraudulent Transfer Act (as amended, the "**Amended Complaint**").

5. The Amended Complaint and the Objection to Elevate Proof of Claim each arise under the Bankruptcy Code in connection with the above-captioned bankruptcy case of Think Finance. This Court has jurisdiction over the Adversary Proceeding as well as the Objection to Elevate's Proof of Claim pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

7. The Adversary Proceeding and the Objection to Elevate Proof of Claim are each core proceedings under 28 U.S.C. §§ 157(b)(2)(A), (B), (H), and (O).

### Grounds for Relief

8. In the Adversary Proceeding, the Trustee seeks to avoid and to recover from Elevate fraudulent transfers made by Think Finance to Elevate, consisting of companies and assets which Think Finance and Elevate valued at the time at $246 million, without any consideration. These transfers were made, at least in part, under a Separation and Distribution Agreement by and between Think Finance and Elevate dated as of May 1, 2014 (the "**Separation Agreement**").

9. The Elevate Proof of Claim asserts claims against Think Finance in an unliquidated amount based on an indemnification provision in the Separation Agreement.

10. In the Adversary Proceeding, Elevate filed its Answer to the Amended Complaint, and the parties are engaging in discovery. The parties have begun to schedule depositions in the Adversary Proceeding, although no depositions have been taken as of the date of this Motion. Discovery has not yet occurred in connection with the Objection to Elevate Proof of Claim.

11. Under Federal Rule of Civil Procedure 42(a), made applicable to the Adversary Proceeding and the Objection to Proof of Claim by Bankruptcy Rules 7042(a) and 9014 respectively, the Court may consolidate "actions before the court [that] involve a common question of law or fact". F.R. Civ. P. 42(a)(2).

12. Courts have broad discretion to determine if consolidation is appropriate. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In exercising this discretion, considerations of judicial economy favor consolidation. *Id*.

13. In determining the appropriateness of consolidation, courts may consider such factors as the extent of common questions of law and fact, the time savings by consolidation, whether both actions involve the same parties, and whether both actions involve or stem from the

same documents. *Sheet Metal Contractors Ass'n v. Sheet Metal Workers' Int'l*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997).

14. In the present case, the Adversary Proceeding and the Objection to Elevate Proof of Claim both involve the same parties, the Trustee and Elevate. In addition, both the Adversary Proceeding and the Objection to Elevate Proof of Claim involve common questions of law and fact, and both require resolution of legal claims arising under and relating to the Separation Agreement.

15. Prior to filing this Motion, Plaintiff's counsel provided a draft of the Motion to Elevate's counsel and asked counsel if Elevate opposed the relief requested herein. By an email sent on May 11, 2021, Elevate's counsel advised Plaintiff's counsel that Elevate does not oppose the relief requested by this Motion.

## Conclusion

16. Under Rule 42(a), consolidation of the Adversary Proceeding and the Objection to Elevate's Proof of Claim is appropriate and will serve the interest of judicial economy.

For these reasons, the Trustee, respectfully requests this Court to enter an Order consolidating the Adversary Proceeding and the Objection to Elevate's Proof of Claim, so that both of these proceedings may proceed in the same action, and to grant the Trustee such other and appropriate relief as the nature of this cause may require.

Dated:  May 14, 2021

*/s/ Ian Ross Phillips*
James W. Walker (TX Bar No. 20709600)
Ian Ross Phillips (TX Bar No. 24091239)
Cole Schotz P.C.
901 Main Street, Suite 4120
Dallas, TX 75202
Tel.: 469-557-9390
Fax:  469-533-1587
jwalker@coleschotz.com

and

Gary H. Leibowitz (Admitted *pro hac vice*)
Irving E. Walker (Admitted *pro hac vice*)
H.C. Jones III (Admitted *pro hac vice*)
Cole Schotz P.C.
300 East Lombard Street, Suite 1450
Baltimore, MD 21202
Tel: 410-230-0660
Fax: 410-230-0667
gleibowitz@coleschotz.com

*Counsel for the Hon. Russell F. Nelms (Ret.) as Trustee of The Think Finance Litigation Trust*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on May 4, 2021, in accordance with the Local Rules, I conferred by email with Joel Rees, lead counsel for Elevate Credit, Inc. ("Elevate"), asked counsel whether Elevate opposed the relief requested in the foregoing Motion to consolidate the above-captioned adversary proceeding with Plaintiff's objection to Elevate's proof of claim. I also provided counsel with a draft form of the Motion. On May 11, 2021, Mr. Rees advised me by email that Elevate did not oppose the relief requested in the Motion.

*/s/ James W. Walker*
James W. Walker

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of May, 2021, I caused a true and correct copy of the foregoing Motion to Consolidate Adversary Proceeding and Objection to Defendant Elevate Credit, Inc.'s Proof of Claim to be served upon all parties that are registered to receive electronic service through the court's CM/ECF notice system in the above case.

*/s/ Ian Ross Phillips*
Ian Ross Phillips

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re | Confirmed Chapter 11 |
| THINK FINANCE, LLC, *et al.*, | Case No. 17-33964-hdh |
| Debtors. | (Jointly Administered) |
| HONORABLE RUSSEL F. NELMS (RET.), LITIGATION TRUSTEE OF THE THINK FINANCE LITIGATION TRUST, | |
| Plaintiff, | Adv. Case No. 20-03099-hdh |
| v. | |
| ELEVATE CREDIT, INC., | |
| Defendant. | |

## ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE ADVERSARY PROCEEDING AND OBJECTION TO DEFENDANT ELEVATE CREDIT, INC.'S PROOF OF CLAIM

Upon consideration of the Motion to Consolidate Adversary Proceeding and Objection to Defendant Elevate Credit, Inc.'s Proof of Claim (the "**Motion to Consolidate**") filed by the Plaintiff, Honorable Russel F. Nelms (Ret.), Litigation Trustee of the Think Finance Litigation Trust, and any opposition thereto filed by Defendant Elevate Credit, Inc. ("**Elevate**"), and the Court having determined, that Elevate does not oppose the relief requested in the Motion and that good cause exists for granting the Motion to Consolidate under Rule 42(a) of the Federal Rules of Civil Procedure :

IT IS HEREBY ORDERED THAT:

The Motion to consolidate is hereby **GRANTED**, and this adversary proceeding is hereby consolidated with the Plaintiff's Objection to Elevate' s Proof of Claim (Claim No. 1264) which was filed on May 19, 2020 [Docket No. 1755] ("**Proof of Claim Objection**") so that the litigation for the Proof of Claim Objection shall proceed under the Scheduling Order for this Adversary Proceeding, as it may be amended, with all papers to be filed or served in connection with the Proof of Claim Objection to be filed or served as part of the Adversary Proceeding.

###END OF ORDER###